**BUDNEY UTAM, a/k/a Deodharry Dookhnee, a/k/a Budhney Utam, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,\* Respondent.**

No. 08–3072–ag.

United States Court of Appeals, Second Circuit.

July 9, 2009.

---

Paul H. Roalsvig, Wilens & Baker, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Civil Division, Keith I. McManus, Senior Litigation Counsel, Joseph A. O'Connell, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

Present DENNIS JACOBS, Chief Judge, JOHN M. WALKER, JR., and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Budney Utam, a native and citizen of Guyana, seeks review of a May 22, 2008 order of the BIA affirming the January 8, 2007 decision of Immigration Judge ("IJ") Jeffrey S. Chase denying Utam's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Budney Utam*, No. A98 632 252 (B.I.A. May 22, 2008), *aff'g* No. A98 632 252 (Immig. Ct. N.Y. City Jan. 8, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, we consider only Utam's due process argument, as she has waived any challenge to the IJ's adverse credibility determination in her brief to this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005)

We find no merit in Utam's argument that the IJ's conduct impinged on her due

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

process rights. An individual in removal proceedings is entitled to due process of law under the Fifth Amendment. *See Reno v. Flores*, 507 U.S. 292, 305–07, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993). However, in order "[t]o establish a violation of due process, [petitioner] must show that she was denied a full and fair opportunity to present her claims or that the IJ or BIA otherwise deprived her of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir.2007) (internal quotations omitted). Here, Utam asserts that the IJ exhibited bias and hostility during her proceedings because he "repeatedly (and to point of excess) told [her] that if he found her asylum application frivolous, he would make a negative decision, which would permanently bar her" from any immigration benefits. This argument is unavailing, as Utam fails to demonstrate that the IJ acted improperly, or that she was denied an opportunity to present her claims. *See id.* Utam points to nothing in the record to indicate any impropriety in the IJ's conduct. Indeed, IJs are required to advise asylum applicants regarding the consequences of filing frivolous applications. *See* 8 U.S.C. § 1158(d)(4)(A); 8 C.F.R. § 1240.11(c)(1)(iii); *Mei Juan Zheng v. Mukasey*, 514 F.3d 176, 180 (2d Cir.2008). Moreover, the IJ only advised petitioner of the consequences of filing frivolous applications at the behest of petitioner's counsel.

Utam further argues that the IJ should have adjourned her hearing to a date when her mother and brother could have presented their testimony, and that he impinged on her due process rights when he went forward with the hearing despite their absence. However, Utam did not seek an adjournment of her hearing date, nor did she ask the IJ for an opportunity to present their testimony at a later time.

Indeed, it appears that Utam did not inform her own attorney that her witnesses would not be present until the day of the hearing. When the IJ asked whether Utam had requested an adjournment to accommodate her witnesses, neither Utam nor her attorney made such a request. *Cf. Sanusi v. Gonzales*, 445 F.3d 193, 199 (2d Cir.2006). Because Utam cannot demonstrate that she was denied a full and fair opportunity to present her claims, her due process challenge fails. *See Burger*, 498 F.3d at 134.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).